# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**AMANDA HEBERT, ET AL**                          **CIVIL ACTION**

**VERSUS**                                         **NUMBER 07-362-RET-DLD**

**HANCO NATIONAL INSURANCE
COMPANY, ET AL**

### CONSOLIDATED WITH

**MALCOLM HUTCHERSON**                             **CIVIL ACTION**

**VERSUS**                                         **NUMBER 08-397-RET-DLD**

**KAMALJIT KAUR, ET AL**

### MAGISTRATE JUDGE'S REPORT

This matter is before the Court on plaintiff's motion to remand (rec. doc. 6, 08-397) and motion/request for ruling of previously filed motion for remand under CV 08–397 (rec. doc. 28, 07-362). The motion is opposed (rec. doc. 7). The issue before the Court is whether the $75,000 amount in controversy requirement for diversity jurisdiction was satisfied at the time of removal.

### Background

On or about March 17, 2007, plaintiff was traveling westbound on Interstate 10, in Baton Rouge, Louisiana, when he was involved in a three car accident. Defendant, Kamaljit Kaur was operating a vehicle owned by defendant, John Doe d/b/a New Public Transport, Inc.[1], and traveling westbound on Interstate 10 behind plaintiff. Defendant Kaur allegedly failed to stop, struck the rear of a vehicle operated by Amanda Hebert, and

---

[1] It is alleged in 07-362 that the vehicle operated by Kamaljit Kaur was a 2000 Kenworth Semi (18 wheeler) owned by Ajmer Sijnh d/b/a New Public Transport.

caused that vehicle to strike the rear of plaintiff's vehicle. The impact of Hebert's vehicle and plaintiff's vehicle  resulted in damages and injuries to plaintiff.

On May 23, 2007, Hebert brought suit in Civil Action 07-362-RET against Hanco National Insurance Co., Ajmer Sijnh, individually, and d/b/a New Public Transport, and Kamaljit Kaur.  Hebert seeks damages for her injuries and the injuries sustained by her two sons, as passengers at the time of the accident (07-362, rec. doc. 1).  Hebert also seeks damages for property loss as a result of the accident.

On March 14, 2008, plaintiff filed suit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana (rec. doc. 1, p. 13).  The petition alleges as follows with regard to the injuries sustained and damages sought by plaintiff:

6.

> Plaintiff, alleges that as a result of the negligence of KAMALJIT KAUR, he has sustained severe injuries.  Plaintiff received medical treatment for the injuries sustained and incurred numerous medical bills incidental thereto. Plaintiff contends that he is still suffering from the injuries received in this accident and may have sustained permanent injury.  Plaintiff further contends that all defendants are indebted unto him for reasonable damages in the premises in connection with the injuries and past and future medical expenses.

(rec. doc. 1, p. 8).

Plaintiff did not allege a specific amount of damages; however, he did allege that his damages "exceed $50,000 entitling plaintiff to a jury trial." Id.  On March 20, 2008, plaintiff's employer, Rollins, Inc. d/b/a Orkin, Inc., intervened in the state court action seeking indemnification for the amounts paid or to be paid to plaintiff for compensation benefits, medical, and other expenses (Id., p. 18).

Defendants did not remove this matter based on the allegations in the petition. Rather, plaintiff's June 5, 2008, answers to interrogatories and request for production of documents contained plaintiff's medical records, which defendants argue put them on notice that plaintiff's injuries exceed the $75,000 amount in controversy required for removal based on diversity jurisdiction.  Included in the medical records was a February 11, 2008, report by plaintiff's treating physician, Dr. Joseph Boucree, where he opined that plaintiff suffered from "cervical/thoracic/lumbar strain with radiculitis, bulging herniated disc of the lumbar spine, T12 compression fracture," and a May 15, 2007, MRI of the lumbar spine, which indicates that plaintiff suffers from a "minimal central disc bulging at L4-5 and L5-S1 without overt nerve root compression" (rec. doc. 1, pp. 29-30).   As a result, defendants removed the state court suit filed by plaintiff Hutcherson on July 1,  2008, based on diversity jurisdiction (rec. doc. 1).   Plaintiff filed a motion to remand on July 31, 2008, which is now before the Court.   Shortly after the motion to remand was filed, on August 19, 2008, civil action 08-397-RET was consolidated with first filed 07-362-RET based on a finding that the two actions involve common questions of law and fact (rec. doc. 8, 08-397).

### **Arguments of Parties**

The only dispute between the parties is whether the amount in controversy was met at the time of removal in order to satisfy the requirement of diversity jurisdiction under 28 U.S.C. §1332.

Plaintiff argues that the medical records attached to the notice of removal do not establish that plaintiff's injuries will exceed $75,000.   Plaintiff suggests that the case law on which defendants rely to prove that plaintiff's injuries support a recovery in excess of $75,000 are distinguishable from this case because damages in those cases were awarded

for loss of income and severe mental anguish and depression, which are not sought by plaintiff.  Additionally, plaintiff notes that the medical records attached do not contain a recommendation for surgery, but rather recommend a conservative course of treatment; therefore, plaintiff's damages will not exceed the $75,000 required for removal based on diversity jurisdiction.

Defendants argue that plaintiff's responses to discovery, specifically the medical records attached to the notice of removal, prove that plaintiff's injuries exceed $75,0000. Defendants argue that one of  plaintiff's treating physicians diagnosed him on February 11, 2008, with "Cervical/thoracic/lumbar strain with radiculitis, bulging herniated disc of the lumbar spine, T12 compression fracture" (rec. doc. 1, p. 29).  Defendants suggests that Louisiana courts have awarded $75,000 or more from plaintiffs suffering similar injuries, and that "a herniated disc places the amount in controversy over the jurisdictional amount" (rec. doc. 7, p. 7).  Finally, defendants argue that plaintiff failed to stipulate in his April 2, 2008, responses to requests for admissions that the amount in controversy in this matter was less than $75,000, but rather responded by stating that "treatment is on going, and there has been no recommendation for surgery, procedures, or presence of other facts that would make fact readily determinable (sic)" (rec. doc. 7, pp. 10, rec. doc. 7-6).

### Discussion

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).  Remand is proper if at any time the court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c).  The party seeking to

invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. Of Texas, Inc.,* 351 F.3d 636 (5th Cir. 2003), citing *Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998).

The first requirement under 28 U.S.C. §1332 is that the parties be of diverse citizenship, which must exist at the time the action is commenced and at the time of removal to federal court. *Coury v. Port*, 85 F.3d 244 (5th Cir. 1996).  Diversity of citizenship is undisputed by the parties.  Plaintiff is a citizen of Louisiana; Kamaljit Kaur is a citizen of California; Harco National Insurance Company is a foreign insurer, incorporated under the laws of Illinois, with its principal place of business in Illinois; unserved defendant, John Doe d/b/a New Public Transport, is alleged to be a citizen of California; and the intervenor, Rollins, Inc. d/b/a Orkin, Inc., is incorporated under the laws of Delaware, with its principal place of business in Georgia (rec. doc. 1, pp. 3 & 7).

The second requirement under 28 U.S.C. §1332 is that the amount in controversy exceed $75,000, which is disputed.  The removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory $75,000 jurisdictional amount at the time of removal.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The defendant may make this showing either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold; or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that a requisite amount was in controversy.

-5-

*Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 850; <u>see</u> <u>also</u> *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003)(citations omitted).  If the removing defendant carries this burden, then the case can be remanded only where the plaintiff proves  to a legal certainty that the amount in controversy at the time of removal nonetheless fell below $75,000.  *E.g., Manguno v. Prudential Property and Casualty Company,* 276 F.3d 720, 724 (5th Cir. 2002).  He may establish this by identifying a statute, or by filing a binding stipulation, that so limits his recovery.  *Id.*

It is undisputed that it is not facially apparent from the state court petition that the plaintiff's injuries exceed $75,000.  Rather, defendants removed this matter based on plaintiff's responses to discovery, specifically plaintiff's medical records that expand upon plaintiff's injuries.  The medical records reflect that on February 11, 2008, plaintiff was diagnosed as suffering from "cervical/thoracic/lumbar strain with radiculitis, bulging herniated disc of the lumbar spin, T12 compression fracture" and the May 15, 2007 MRI showed a "minimal central disc bulging at L4-5 and L5-S1 without overt nerve root compression" (rec. doc. 1, pp. 29-30).  Plaintiff's treating physician's recommendations *do not* contain a recommendation for surgery at this time (Id., at p. 29).  Rather, the treating physician recommends a more conservative course of treatment consisting of "nonsteroidal anti-inflammatory medications as needed for pain" and "infrequent oral narcotics for increased severity of the symptoms." Id.

Defendants rely most heavily on the court's ruling in *Neal v. Bradley*, 1997 WL 282305 (E.D. La. 1997), which they argue suggest that plaintiff's herniated disc places the amount in controversy over the jurisdictional amount.  Defendants overstate the holding in *Neal v. Bradley*.  Although the court held that "Nationwide could have ascertained from

plaintiffs' state court petition that the amount in controversy exceeded $75,000," the petition in *Neal* contained allegations that plaintiff suffered from numerous injuries, in addition to, a "herniated disc, for which surgery had been recommended." Id. The court noted that "a cursory examination of Louisiana cases confirms Nationwide's invitation to the Court to take judicial notice that a herniated disc claim's worth *potentially* exceeds $75,000." Id. (Emphasis added). This Court points out that the cases reviewed by the *Neal* court and cited by defendants in their memorandum either involve injuries different that those suffered by Mr. Hutcherson or back injuries resulting in surgery.

The Court finds the plaintiff's injuries more similar to those in *McKnight v. McCastle*, 928 So.2d 45 (La. App. 1 Cir. 12/22/05) or *Strain v. Indiana Lumberman's Mutual Insurance Company*, (La. App. 1 Cir. 2/20/02). The plaintiff in *McKnight* was awarded $30,000 in general damages for "lumbar radiculopathy secondary to disc herniation at L5-S1 level with nerve root impingement on the left S1 nerve root" caused by a fall through some "make-shift" concrete block and plywood stairs. The plaintiff was treated conservatively with medication, physical therapy, and acupuncture, as opposed to surgery. Despite conflicting medical testimony, the plaintiff in *Strain* was awarded $10,000.00 in general damages and $15,685.00 in past medical expenses for injuries to her back as a result of an automobile accident where she was struck from behind and pushed into the car ahead. Tests revealed a herniated disc, a mild disc protrusion, and a compressed thecal sac that may have aggravated the nerves. Plaintiff was treated with medication (muscle relaxers and anti-inflammatory drugs) and physical therapy.

The Court will not parse through every case awarding damages for differing degrees of back injuries, but evidence that the plaintiff suffers from a herniated disc, without any

recommendation for surgery, does not satisfy defendants' burden of proving that the amount in controversy exceeded $75,000 at the time of removal. This is so especially in light of the fact that plaintiff continues to work, continues to engage in actives of daily living, and does not seek damages for mental anguish. Plaintiff's failure to enter into a post-removal stipulation that his damages are less than $75,000 is not persuasive when determining whether defendants have borne their burden of proving that the jurisdictional amount exists because it shifts the burden to the plaintiffs to prove removal jurisdiction. See Casey v. Essex Ins. Co., 2008 WL 1995049 (E.D. La. 2008), citing Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868 (1993), Gebbia v. Wal-Mart Stores, Inc., 233 F3d 880, 883 (5th Cir.2000). Thus, defendants have not carried their burden of proving by a preponderance of the evidence that plaintiff's injuries will more likely than not exceed $75,000.

Plaintiff additionally requests attorneys' fees under 28 U.S.C. § 1447(c). The Court concludes, however, that, under the standard set forth in Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 292 (5th Cir. 2000), an award of attorneys' fees is not warranted. Although the Court concludes that the removing defendant failed to satisfy the amount in controversy requirement, its position on the jurisdictional amount issue nonetheless was sufficiently arguable based on responses to discovery to avoid imposition of attorneys' fees under Section 1447(c).

**Conclusion**

Based on the allegations in plaintiff's petition and the supplemental information offered by the defendants in support of jurisdiction, defendants have failed to establish that

-8-

the plaintiff's injuries will exceed the minimum amount in controversy as required by 28 U.S.C. §1332.   Accordingly,

    **IT IS RECOMMENDED that** plaintiff's motion to remand (rec. doc. 6, 08-397) and motion/request for ruling of previously filed motion for remand under CV 08–397 (rec. doc. 28, 07-362) should be **GRANTED**, and that 08-397-RET-DLD be remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

    Signed in Baton Rouge, Louisiana, on November 18, 2008.

_____

    **MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMANDA HEBERT, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 08-362-RET-DLD** |
| **HANCO NATIONAL INSURANCE COMPANY, ET AL** | |

## CONSOLIDATED WITH

| | |
|---|---|
| **MALCOLM HUTCHERSON** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 08-397-RET-DLD** |
| **KAMALJIT KAUR, ET AL** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 18, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**